IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JUDITH R. RILEY                                                                                      PLAINTIFF

VS.                                        CIVIL ACTION NO. __3:21cv243-MPM-RP__

WAL-MART STORES EAST, LP
and WALMART, INC.                                                                                DEFENDANTS

## WALMART'S NOTICE OF REMOVAL

**COME NOW** Walmart Stores East, LP and Walmart, Inc.,[1] ("Walmart"), by and through counsel, and without waiving any objections to venue or other defenses, including any defenses under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the Circuit Court of Desoto County, Mississippi, to the United States District Court for the Northern District of Mississippi, Oxford Division, and in support hereof, would show unto the Court the following:

**I.    COMPLAINT**

1. On October 29, 2021, Judith R. Riley ("Plaintiff") filed her Complaint in this matter, hereto attached as Exhibit A, against Walmart in the Circuit Court of Desoto County, Mississippi, this being civil action number CI-2021-375GC. Walmart was served with copies of the Summons and Complaint on November 8, 2021. Exhibit B & C, Service of Process Transmittal and Service of Process.

2. In her Complaint, Plaintiff alleges that on August 27, 2021, while walking on the premises of the Walmart store #2846 located in Olive Branch, Desoto County,

---

[1] Walmart, Inc., is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

-1-

Mississippi, when "she tripped and fell over an elevated shipping pallet that was improperly placed on the floor". Exhibit A, at 2 (¶ 8-9). Plaintiff's Complaint limits the compensatory damages to not exceed $75,000. Exhibit A, at 5 (¶3) However, Plaintiff's Complaint also alleges gross negligence and seeks "punitive damages, in an amount to be proven at trial from the Defendants' gross negligence". Exhibit A, at 4 (¶ 25)

3. The action filed by the Plaintiff against Defendant is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in her Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. Specifically, the Plaintiff's Complaint alleges gross negligence and seeks compensatory damages and an unspecified amount of punitive damages. These claims alone are sufficient to satisfy the amount in controversy requirement for diversity jurisdiction."Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731, 735 (S.D.Miss.2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir.1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D.Miss.1988)); See *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action

being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); Also see *Brookins v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 1233474, at *5 (S.D. Miss. Mar. 31, 2021).

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A. *This Case is Removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)*

4. 28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

The United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this suit is currently pending.

5. 28 U.S.C. § 1332(a), as amended, provides in pertinent part:

The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

As discussed, because Plaintiff alleges gross negligence and is seeking an unspecified amount in punitive damages in addition to compensatory damages, the amount in controversy has been established, and this Court has original diversity jurisdiction of this matter.

### B. *This Removal is Timely under 28 U.S.C. § 1446(b)*

6. Under 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30)

days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

7. As stated, Walmart was served with a copy of the Summons and Complaint on November 8, 2021. Exhibit B & C. Walmart is removing this case within thirty days of November 8, 2021. Therefore, this removal is timely.

### C. *Required Documents Have Been Attached, and Notice Has Been Given to the Clerk*

8. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, filed and/or served on on Walmart are attached hereto as Exhibit C. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen (14) days of the date of removal.

9. Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the Circuit Court of Desoto County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

10. As stated, this Court has original diversity jurisdiction over this case pursuant to § 1332(a) because complete diversity of citizenship exists, and Plaintiff's Complaint establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. *Diversity of Citizenship Exists*

11. According to the Complaint, Plaintiff is "an adult resident citizen of Olive Branch, Desoto County, Tennessee." (sic) Exhibit A, at 1 (¶1).

12. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its

principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Consequently, complete diversity exists.

### B. Amount in Controversy Has Been Met

13. As discussed above, since Plaintiff seeks compensatory damages and an unspecified amount in punitive damages in her Complaint, it is apparent from the face of the Complaint that the amount in controversy has been met, and this case is removable pursuant to 28 U.S.C. §1446.

14. Walmart reserves its right to amend or supplement this Notice of Removal.

15. Walmart reserves all affirmative defenses including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Desoto County be hereby stayed.

Respectfully submitted, this, the 24th day of November, 2021.

           **WAL-MART STORES EAST, LP and**
           **WAL-MART, INC.**

By: _/s/ Rajita Iyer Moss_____
    THOMAS M. LOUIS (MSB #8484)
    RAJITA IYER MOSS (MSB #10518)

OF COUNSEL:

**WELLS, MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

### CERTIFICATE OF SERVICE

I, Rajita Iyer Moss, hereby certify that a copy of this Notice of Removal was filed using the Court's ECF system, which should have automatically emailed a copy to:

    Tyler A. Royals, Esq.
    The Law Offices of John Michael Bailey
    5978 Knight Arnold Road, Suite 400
    Memphis, TN 38115
    tyler@calljmb.com

    ATTORNEY FOR PLAINTIFF

Dated, this, the 24th day of November, 2021.

_/s/ Rajita Iyer Moss_____
Rajita Iyer Moss