## IN THE CIRCUIT COURT OF DESOTO COUNTY MISSISSIPPI

**JUDITH R. RILEY,**                                                                                 **PLAINTIFF,**

                        **DOCKET NO.: CT 2021-375 GCD**
                        **JURY DEMANDED**

**v.**

**WAL-MART STORES EAST, LP,** and
**WAL-MART, INC.**                                                          **DEFENDANTS.**

## COMPLAINT FOR DAMAGES

      **COMES NOW**, Plaintiff, Judith R. Riley, by and through undersigned counsel, pursuant to the Mississippi Rules of Civil Procedure, and files this Complaint for Personal Injuries against Defendants, Wal-Mart Stores East, LP, and Wal-Mart, Inc., and would respectfully state unto this Honorable Court the following, to wit:

### PARTIES

1. Plaintiff, Judith R. Riley, (hereafter "Plaintiff") is an adult resident of Olive Branch, DeSoto County, Tennessee.

2. Upon information and belief, Defendant, Wal-Mart Stores East, LP, (hereafter "Defendant") is a Delaware Corporation, whose principal address is 702 South West 8th Street, Bentonville, Arkansas 72716, and can be served with process through its registered agent CT Corporation System, 665 Lakeland East Drive, Flowood, Mississippi 39232.

3. Upon information and belief, Defendant, Wal-Mart Inc., is a Delaware Corporation, whose principal address is 702 South West 8th Street, Bentonville, Arkansas 72716, and can be served with process through its registered agent CT Corporation System, 665 Lakeland East Drive, Flowood, Mississippi 39232.

FILED
OCT 29 2021
CIRCUIT COURT CLERK, DESOTO COUNTY, MS


EXHIBIT A

## JURISDICTION AND VENUE

4. This case arises in Tort from a trip and fall that took place in DeSoto County, Mississippi.

5. Venue is proper in this Court in accordance with the Mississippi Rules of Civil Procedure and the laws of the State of Mississippi, including specifically §11-11-3 of the Mississippi Code Annotated, as amended. Pursuant to the Mississippi Constitution, MISS. CODE ANN. §9-7-81, MISS. CODE ANN. §11-11-3, and Rule 82 of the Mississippi Rules of Civil Procedure, jurisdiction and venue are proper in the Circuit Court of DeSoto County.

6. Plaintiff is asserting a general negligence claim against the Defendants arising out or the creation of a dangerous condition, dangerous policies and procedures on the premises, and failure to warn patrons.

## FACTS

7. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

8. At all times pertinent to this Complaint, Defendants owned, operated and/or controlled a retail store called Wal-Mart Supercenter # 2846, located at 7950 Craft Goodman Frontage Road, DeSoto County, Mississippi 38654.

9. On or about August 27, 2021, Plaintiff was on the Defendants' premises as a paying customer.

10. As Plaintiff was walking through the garden center, she suddenly tripped and fell over an elevated shipping pallet that was improperly placed on the floor.

11. The elevated shipping pallet on the floor created the dangerous and/or defective condition.

12. There were no warning signs or any other indications near the area where Plaintiff fell to warn customers of the dangerous condition.

13. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer

bodily injuries that required emergent care.

14. At all times relevant to this Complaint, Defendants knew or should have known of the dangerous condition, as Defendants' employees, agents and/or assigns were charged with maintaining the premises.

## CAUSE OF ACTION
## NEGLIGENCE

15. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

16. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns, were negligent in their failure to adequately maintain the area where Plaintiff fell.

17. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns were negligent in their failure to warn Plaintiff of the possibility of injury while on the premises.

18. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns were negligent in their failure to conduct a reasonable inspection of the premises, and/or for failing to adhere to store policy and/or failing to institute an appropriate policy to maintain the premises in a safe manner.

19. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns were negligent in their failure to maintain a safe environment for Plaintiff and other patrons, while at the Wal-Mart Supercenter # 2846.

20. Upon information and belief, Defendants had, or should have had, actual and/or constructive notice of the dangerous and/or defective condition that caused Plaintiff's injuries.

21. The Plaintiff would further state that the Defendants failed to take reasonable steps to remedy this dangerous condition.

22. Plaintiff would further show into the Court that she was exercising due diligence and keeping a proper lookout around and about for her own safety, but that she could not see the dangerous condition of the elevated shipping pallet until the very moment that she fell.

## INJURIES AND DAMAGES

23. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

24. Plaintiff charges and alleges that as a result of the negligence of the Defendants, Plaintiff suffered severe, serious and permanent injuries, including, but not limited to the following:

    a. Severe injuries which required emergent medical care;

    b. Medical expenses, past, present and future;

    c. Severe physical pain and mental suffering;

    d. Loss of the enjoyment of life;

    e. Injuries both temporary and permanent in nature;

    f. Prejudgment and/or post judgement interest to the extent permitted by law; and

    g. Severe fright and shock.

25. Plaintiff further seeks damages for personal injury, pain and suffering, and punitive damages, in an amount to be proven at trial from the Defendants' gross negligence.

## RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Judith R. Riley, respectfully prays:

1. That the Plaintiff be awarded the present cash value of any medical care and treatment that she has or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors' expenses

according to proof;

3. That Plaintiff be awarded compensatory damages in the amount to be determined by a jury, but not to exceed Seventy-Five Thousand Dollars ($75,000.00);

4. That Plaintiff be awarded post-judgement interests as allowed by law;

5. That a jury be empaneled to try the issues when joined;

6. Any and all such further relief as the Court may deem just and equitable; and

7. The reservation of Plaintiff's right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**THE LAW OFFICES OF JOHN MICHAEL BAILEY**

_____
Tyler A. Royals (MS 104764)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*